ELECTRONICALLY FILED - 2018 Jun 12 9:50 AM - JASPER - COMMON PLEAS - CASE#2018CP2700302

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF JASPER ) | FOURTEENTH JUDICIAL CIRCUIT |
| ) | |
| Hugo Dominguez Arteaga and Venancio ) | CASE NO.: 2018-CP-27- |
| Castro Gomez, ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| EcoFoam Insulation & Coating of ) | |
| Charleston, LLC and Tara Lopez, ) | |
| ) | |
| Defendants. ) | |

COME NOW Hugo Dominguez Arteaga and Venancio Castro Gomez ("Plaintiffs"), by and through their undersigned counsel, complaining of EcoFoam Insulation & Coating of Charleston, LLC and Tara Lopez ("Defendants") and would show unto this Honorable Court as follows:

1. Defendants have willfully violated the FLSA by intentionally failing and refusing to pay Plaintiffs all compensation due them under the FLSA and its implementing regulations.

2. Defendants administered an unlawful compensation system that failed to provide premium overtime compensation to employees that work overtime.

3. Defendants paid and/or continue to pay Plaintiff and other similarly situated employees of Defendants in cash without providing a pay stub reflecting the detailed accounting of hours worked, gross pay, withholdings, and/or deductions, and failing to pay premium overtime compensation.

4. Defendants' deliberate failure to pay overtime to Plaintiffs and other similarly situated employees of Defendants violates the FLSA.

EXHIBIT "A"

## PARTIES AND VENUE

5. Plaintiffs are resident of Beaufort County, South Carolina.

6. Defendant EcoFoam Insulation & Coating of Charleston, LLC is a corporation organized according to the laws of the State of South Carolina, authorized to do business in the State of South Carolina, with Defendant's principal place of business and registered agent being in Jasper County, South Carolina, upon information and belief.

7. Defendant Tara Lopez is a resident of Beaufort County, South Carolina.

8. Defendants are employers within the meaning of 29 U.S.C. § 203(d).

9. All the events described herein took place in Jasper County, South Carolina.

10. Jurisdiction and venue are proper for the foregoing reasons.

## GENERAL ALLEGATIONS

11. Plaintiffs repeat and reiterate the foregoing Paragraphs as if fully set forth herein verbatim.

12. The parties entered into a valid and binding contract for employment with Defendants.

13. Defendants agreed to pay Plaintiffs at certain hourly rates which increased over time during Plaintiffs' employment with Defendants.

14. Defendants provided tools, equipment, and materials to Plaintiffs when working for Defendants.

15. Defendants decided and instructed Plaintiffs as to the start time, lunch time, stop time, dates, and locations of work.

16. Defendants decided and instructed Plaintiffs as to what work to do and how to do the work.

17. Defendants have failed and refused to provide Plaintiffs with paystubs and/or itemized accountings of all hours worked, gross pay, deductions, and/or withholdings.

18. Defendants have failed and refused to pay Plaintiffs the premium overtime rate for any and all overtime hours worked and/or all hours worked above and beyond forty hours in a workweek.

19. Defendants have failed and refused to pay Plaintiffs all wages due, specifically making a deduction, 2% upon information and belief, to the wages paid to Plaintiffs in cash as opposed to what is paid to Plaintiffs in their regular paycheck.

20. Upon information and belief, Plaintiffs always worked more than forty hours a week.

21. In the course and scope of his employment, Plaintiff Venancio Castro Gomez suffered work-related injuries.

22. On January 25, 2018, Plaintiff filed a Form 50 with the South Carolina Workers' Compensation Commission requesting workers' compensation benefits.

23. Upon information and belief, Defendants thereafter demoted Plaintiff and decreased his hours and wages in retaliation and for the sole reason of instituting, in good faith, a proceeding under the South Carolina Workers' Compensation Law (Title 42 of the 1976 Code).

24. Upon information and belief, Defendants have been and are knowingly and intentionally reporting false wage information to Plaintiffs and Defendants' workers' compensation insurance carrier; failing and refusing to pay Plaintiffs the premium overtime rate for all overtime worked; and failing and refusing to provide detailed itemizations of all hours worked and pay rates therefore.

ELECTRONICALLY FILED - 2018 Jun 12 9:50 AM - JASPER - COMMON PLEAS - CASE#2018CP2700302

25. As a result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer damages.

## FOR A FIRST CAUSE OF ACTION
### (Violation of Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*)

26. Plaintiff repeats and reiterates the foregoing Paragraphs as though fully restated herein verbatim.

27. Defendants were employers within the definition of the FLSA.

28. Plaintiffs were and/or are a person employed by Defendants in the State of South Carolina within the definition of the FLSA.

29. Defendants agreed to employ Plaintiffs and to pay Plaintiffs wages within the definition of the FLSA.

30. Defendants were responsible for payment of wages to Plaintiffs.

31. Plaintiffs were and/or are employed by Defendants as an employee within the meaning of the FLSA.

32. Plaintiffs seek relief challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for hours worked, including overtime compensation.

33. In violation of 29 U.S.C. § 207, Defendants failed and refused to pay Plaintiffs at least one and one-half times the regular rate at which Plaintiffs were employed for all hours worked above forty in a workweek.

34. In violation of 29 U.S.C. § 201, *et seq.*, including but not limited to 29 U.S.C. §§ 211(c) and 215(a), Defendants failed to keep appropriate records with respect to Plaintiffs sufficient to determine wages, hours, and other conditions and practices of employment, upon information and belief.

ELECTRONICALLY FILED - 2018 Jun 12 9:50 AM - JASPER - COMMON PLEAS - CASE#2018CP2700302

35. As a result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer damages.

36. Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for violations of the FLSA for actual, incidental, consequential, punitive and liquidated (double) damages pursuant to 29 U.S.C. § 216(b) and his attorneys' fees, costs, and expenses.

## FOR A SECOND CAUSE OF ACTION
**(Violation of the South Carolina Payment of Wages Act, S.C. Code § 41-10-10, *et seq.*)**

37. Plaintiffs repeat and reiterate the foregoing Paragraphs as though fully restated herein.

38. Defendants were employers within the definition of the South Carolina Payment of Wage Act (the "Wage Act").

39. Plaintiffs were and/or are a person employed by Defendants in the State of South Carolina within the definition of the Wage Act.

40. Defendants agreed to pay Plaintiffs wages within the definition of the Wage Act.

41. Defendants were responsible for payment of wages to Plaintiffs.

42. Defendants employed no fewer than five employees at all times during the preceding twelve months.

43. In violation of Section 41-10-40(D) of the Wage Act, Defendants failed to timely pay Plaintiffs all wages due. Defendants knowingly and intentionally failed to timely pay Plaintiffs all wages due, upon information and belief.

44. In violation of Section 41-10-30(A) of the Wage Act, Defendants failed and refused to notify Plaintiffs "in writing at the time of hiring of the normal hours and wages agreed upon, the time and place of payment, and the deductions which will be made from the wages,

ELECTRONICALLY FILED - 2018 Jun 12 9:50 AM - JASPER - COMMON PLEAS - CASE#2018CP2700302

including payments to insurance programs." Defendants further failed to post the terms in compliance with the same.

45. In violation of Section 41-10-30(C) of the Wage Act, Defendants failed and refused to furnish Plaintiffs "with an itemized statement showing his gross pay and the deductions made from his wages for each pay period."

46. Defendant Tara Lopez is the owner, agent, and/or officer of Defendant EcoFoam Insulation and Coating of Charleston, LLC.

47. Defendant Tara Lopez knowingly permitted and/or directed Defendant EcoFoam Insulation and Coating of Charleston, LLC to not timely pay Plaintiffs wages that were due to Plaintiffs for each pay period Plaintiffs worked and/or violate the Wage Act, upon information and belief.

48. Pursuant to S.C. Code § 41-10-80(C): "In case of any failure to pay wages due to an employee as required by § 41-10-40 or 41-10-50 the employee may recover in a civil action an amount equal to three times the full amount of the unpaid wages, plus costs and reasonable attorney's fees as the court may allow."

49. As a result of Defendants' unlawful conduct, Plaintiffs have suffered and continue to suffer damages.

50. Plaintiffs are informed and believe that they are entitled to judgment against Defendants, jointly and severally, for violations of the South Carolina Payment of Wages Act for actual, incidental, consequential, and treble damages in an amount to be determined at trial, as well as his attorneys' fees, costs, and expenses.

ELECTRONICALLY FILED - 2018 Jun 12 9:50 AM - JASPER - COMMON PLEAS - CASE#2018CP2700302

### FOR A THIRD CAUSE OF ACTION
(Workers' Compensation Retaliation as to
EcoFoam Insulation & Coating of Charleston, LLC only)

51. Plaintiff Venancio Castro Gomez repeats and reiterates the foregoing paragraphs as though fully restated herein.

52. Defendant EcoFoam Insulation & Coating of Charleston, LLC retaliated against Plaintiff Venancio Castro Gomez's employment as set forth above.

53. This termination was a direct result of Plaintiff Venancio Castro Gomez's instituting, in good faith, a proceeding under the South Carolina Workers' Compensation Law (Title 42 of the 1976 Code).

54. The employment retaliation to which Plaintiff Venancio Castro Gomez was subjected is in direct violation of South Carolina Code § 41-1-80.

55. Defendant EcoFoam Insulation & Coating of Charleston, LLC is statutorily "liable in a civil action for lost wages suffered by an employee as a result of the violation, and [Plaintiff, as a result of being] discharged or demoted in violation of this section is entitled to be reinstated to [his] former position." S.C. Code § 41-1-80 (1976).

56. Plaintiff Venancio Castro Gomez is informed and believes that he is entitled to judgment against Defendant EcoFoam Insulation & Coating of Charleston, LLC for retaliation for instituting one (1) or more workers' compensation claims for actual, incidental, consequential, statutory, and punitive damages in an amount to be determined at trial.

WHEREFORE, having fully set forth their Complaint against Defendants, Plaintiffs pray that the Court inquire into the matters set forth herein and issues its Order as follows:

A. Granting Plaintiffs judgment against Defendants, jointly and severally, for violation of the Fair Labor Standards Act, including actual, incidental, consequential, punitive and liquidated (double) damages and attorneys' fees, costs, and expenses;

B. Granting Plaintiffs judgment against Defendants, jointly and severally, for violation of the South Carolina Payment of Wages Act, including actual, consequential, and treble damages and attorneys' fees, costs, and expenses;

C. Granting Plaintiff Venancio Castro Gomez judgment against Defendant EcoFoam Insulation & Coating of Charleston, LLC for retaliation in violation of S.C. Code § 41-1-80 (1976, as amended); and

D. Granting Plaintiffs such further and other relief as the Court deems just and proper.

**NAERT AND DUBOIS, LLC**

/s/ Zach S. Naert
Zach S. Naert
Joseph DuBois
Michael P. Bennett
22 New Orleans Rd #1
Post Office Box 7228 (29938)
Hilton Head Island, SC 29928
Tel: (843) 686-5500
Fax: (843) 686-5501
*Attorneys for Plaintiff*

May 24, 2018
Hilton Head Island, SC

# AFFIDAVIT OF SERVICE

**State of South Carolina**          **County of Jasper**          **Court of Common Pleas**

Case Number: 2018-CP-27-0302

Plaintiff:
**Hugo Dominguez Arteaga and Venancio Castro Gomez**
Vs.
Defendant:
**EcoFoam Insulation & Coating of Charleston, LLC and Tara Lopez**

Received these papers to be served on **EcoFoam Insulation & Coating of Charleston, LLC at 18925 Whyte Hardee Blvd., Hardeeville, SC 29927.**

I, Charles Fairchild, being duly sworn, depose and say that on the 5th day of July, 2018 at 11:27 am, I:

Executed service by delivering a true copy of the **Complaint** by corporately serving **Tara Lopez.**

Description of Individual Served: Height  5'6"  Weight  170 lbs  Race  White  Age  40-45  Gender  Female

I certify that I am over the age of 18 and have no interest in the above action.

_____          7-5-18
Charles Fairchild                                        Date
Process Server

Subscribed and Sworn to before me on the __5__ day of __July__, 20__18__ by the affiant who is personally known to me.

_____
Notary Public for South Carolina
My Commission Expires  2-16-22

```
BOBBI FAIRCHILD
Notary Public-State of South Carolina
My Commission Expires
February 16, 2022
```