# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Hugo Dominguez Arteaga and Venancio Castro Gomez, | Case No.: 9:18-cv-2147-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Ecofoam Insulation & Coating of Charleston, LLC and Tara Lopez, | |
| Defendants. | |

This matter is before the Court on the Defendants' Motion to Dismiss (Dkt. No. 6). For the reasons set forth below, the Court denies the motion as moot.

## I. Background

Plaintiffs filed their Complaint in the Jasper County Court of Common Pleas on June 12, 2018, alleging claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the South Carolina Payment of Wages Act, S.C. Code § 41-10-10 et seq., and retaliation for filing a claim under the Workers' Compensation Law under S.C. Code § 41-1-80. (Dkt. No. 1-1.) Defendants removed the action to this Court on August 3, 2018. (Dkt. No. 1.) On the same day, Defendants filed a motion to dismiss Plaintiffs' Complaint. (Dkt. No. 6.) On August 17, 2018, Plaintiffs filed an amended complaint. (Dkt. No. 8.)

## II. Discussion

A timely filed amended pleading supersedes the original pleading. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'") (citations omitted). *See also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1476 (3d ed.) ("A pleading that has been amended…supersedes the

pleading it modifies.... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...."). "As a result, motions directed at the superseded pleading generally are to be denied as moot." *Perez v. Staples Contract & Commercial Inc.*, No. 3:13-CV-01775-JFA, 2013 WL 5570002, at *1 (D.S.C. Oct. 8, 2013) (collecting cases). *See also McCoy v. City of Columbia*, 2010 WL 3447476, at *1–2 (D.S.C. Aug.31, 2010) (holding motion to dismiss was moot because amended complaint superseded the original complaint and "rendered any attack upon it moot"); *Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., UAW*, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011) ("filing of Plaintiff's second amended complaint renders the defendants' pending motions to dismiss that are related to the superseded complaint as moot."). However, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading" because to "hold otherwise would be to exalt form over substance." Wright et al., supra, § 1476 (emphasis added).

Here, Plaintiff complied with Rule 15(a)(1)(B) and filed an Amended Complaint within 21 days after the Defendants filed a motion to dismiss under Rule 12(b). Plaintiff apparently attempted to correct the defects identified by Defendants' motion to dismiss by including a Summons with their Amended Complaint and substituting Ecofoam Insulation & Coating of Bluffton, LLC as a Defendant instead of Ecofoam Insulation & Coating of Charleston, LLC. (Dkt. No. 8.) Finally, Plaintiffs' alleged failure to perfect service of process in the state court does not mandate dismissal of their Amended Complaint. *See* 28 U.S.C.A. § 1448; *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) ("once a case is removed to federal court, a plaintiff has a specified number of days to effect service of process on all defendants, regardless whether the plaintiff failed to serve process in state court before the deadline for commencing an action had

passed."). *See also Brazell v. Green,* 67 F.3d 293 (4th Cir. 1995). Instead, under Rule 4(m), Plaintiffs have 90 days from August 17, 2018, to effectuate service of process. If Defendants believe that defects remain in the Amended Complaint, they may file a motion to dismiss within the time frame allowed by the Federal Rule of Civil Procedure.

### III. Conclusion

For the foregoing reasons, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss (Dkt. No. 6). **AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

August 28, 2018
Charleston, South Carolina