# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Hugo Dominguez Arteaga and Venancio Castro Gomez, | Case No.: 9:18-cv-2147-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Ecofoam Insulation & Coating of Charleston, LLC and Tara Lopez, | |
| Defendants. | |

This matter is before the Court on the Defendants' Partial Motion to Dismiss (Dkt. No. 14). For the reasons set forth below, the Court grants in part and denies in part the motion.

**I.  Background**

Plaintiffs Hugo Domiguez Arteaga and Venancio Castro Gomez filed their Complaint in the Jasper County Court of Common Pleas on June 12, 2018, alleging claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-10 et seq., and retaliation for filing a claim under the Workers' Compensation Law, S.C. Code § 41-1-80. (Dkt. No. 8.) Plaintiffs allege that the Defendants failed to pay Plaintiffs the appropriate overtime rates, made a deduction of 2% from all wages paid in cash, failed to provide proper notice or paystubs to the Plaintiffs, and retaliated against Plaintiff Gomez after he filed a request for workers' compensation benefits. (Dkt. No. 8 at ¶¶ 19 – 24.)

Defendants removed the action to this Court on August 3, 2018. (Dkt. No. 1.) On the same day, Defendants filed a motion to dismiss Plaintiffs' Complaint. (Dkt. No. 6.) On August 28, 2018, the Court held that the motion was moot after the Plaintiffs filed an amended complaint. (Dkt. No. 12.) Defendants have now filed a partial motion to dismiss Plaintiffs' claims under the

SCPWA, arguing that they are preempted by Plaintiffs' FLSA claims. (Dkt. No. 14.) Plaintiffs oppose the motion.[1] (Dkt. No. 15.)

## II. **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully."

---

[1] Plaintiffs in their Response in Opposition addressed the sufficiency of their Amended Complaint as to their claims under the FLSA and for retaliation. (Dkt. No. 15.) However, Defendants' motion solely related to preemption of the SCPWA claim under the FLSA. (Dkt. No. 14, 16.) Therefore, the Court does not address these additional arguments by Plaintiffs. Finally, the Defendants' motion argued solely that the FLSA preempted Plaintiffs' SCPWA claims, and did not present any other argument regarding the sufficiency of Plaintiffs' SCPWA pleadings.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. <u>Discussion</u>[2]

"Congress prescribed exclusive remedies in the FLSA for violations of its mandates," and state law claims that "merely duplicate [ ] FLSA claims" are preempted by the FLSA. *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir.2007). Thus, to the extent that a plaintiff seeks compensation under state law "for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage[,]…these claims are preempted by the FLSA and must be dismissed." *McMurray v. LRJ Restaurants, Inc.*, No. 4:10–CV–01435–JMC, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011). *See also Nimmons v. RBC Ins. Holdings (USA) Inc.*, No. CIV.A. 6:07–CV–2637, 2007 WL 4571179, at *1 (D.S.C. Dec. 27, 2007) ("Plaintiffs state law claims related to alleged overtime must be dismissed because they assert rights that are duplicative of those protected by the FLSA."). However, claims that are "separate and distinct" from FLSA claims, such as an "alleged failure…to pay wages which may be in excess of [the federal] minimum wage and failure to pay wages when due" are not preempted by the FLSA. *McMurray*, 2011 WL 247906, at *2.

Plaintiffs here included pleadings under the SCPWA that are not preempted by the FLSA. Notably, Plaintiffs allege that Defendants "refused to provide Plaintiffs with paystubs and/or itemized accountings of all hours worked…." failed to "notify Plaintiffs" of their normal hours

---

[2] As a threshold matter, Plaintiffs' Response in Opposition asks the Court to consider 147 pages of exhibits that are not contained in the pleadings. (Dkt. No. 15.) Defendant argues that, under Fed. R. Civ. P. 12(d), it would be impermissible for the Court to consider these submissions on a motion to dismiss since they are outside the pleadings. The Court has not relied on these submissions in finding that Plaintiffs' claims are not preempted.

and wages at their time of hire, and did not "post the terms" of employment. (Dkt. No. 8 at ¶¶ 18, 45 – 46.) These claims are not "merely duplicative" of the FLSA claims, and instead seek to enforce the paystub and notice provisions of the SCPWA under § 41-10-30 which are not preempted by the FLSA.[3] *See Moodie v. Kiawah Island Inn Co.*, LLC, 124 F. Supp. 3d 711, 725 (D.S.C. 2015) (denying motion to dismiss in relevant part where "[p]laintiffs also seek to enforce notice provisions of the South Carolina Payment of Wages Act that are not contained in the FLSA."). Therefore, to the extent Plaintiffs seek payment of the federal minimum wage rate during overtime in their SCPWA claims, Defendants' motion is granted. However, Defendants' motion to dismiss on preemption grounds is otherwise denied.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Partial Motion to Dismiss (Dkt. No. 14).

**AND IT IS SO ORDERED.**

Richard M. Gergel
United States District Court Judge

October 1, 2018
Charleston, South Carolina

---

[3] The Court also notes that the Amended Complaint does not allege that Defendants failed to pay the federal minimum wage, and instead seemingly seeks unpaid wages beyond the Federal Minimum Wage, alleging that Plaintiffs' wages were set at "certain hourly rates *which increased over time during Plaintiffs' employment.*" (Dkt. No. 8 at ¶ 14) (emphasis added). *See McMurray*, 2011 WL 247906, at *2 (holding that "alleged failure ... to pay wages which may be in excess of [the federal] minimum wage and failure to pay wages when due" was "separate and distinct" from FLSA claims).