# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Hugo Dominguez Arteaga and Venancio Castro Gomez, | Case No.: 9:18-cv-2147-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Ecofoam Insulation & Coating of Charleston, LLC and Tara Lopez, | |
| Defendants. | |

This matter is before the Court on the Parties' joint motion for approval of settlement. (Dkt. No. 18). For the reasons set forth below, the Court denies the motion without prejudice.

## I.    Background

Plaintiffs Hugo Domiguez Arteaga and Venancio Castro Gomez filed their Complaint in the Jasper County Court of Common Pleas on June 12, 2018, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-10 et seq., and retaliation for filing a claim under the Workers' Compensation Law, S.C. Code § 41-1-80. (Dkt. No. 8.) Plaintiffs allege that the Defendants failed to pay them the appropriate overtime rates, made a deduction of 2% from all wages paid in cash, failed to provide proper notice or paystubs to the Plaintiffs, and retaliated against Plaintiff Gomez after he filed a request for workers' compensation benefits. (Dkt. No. 8 at ¶¶ 19 – 24.) Defendant denies all liability. The Parties reached a settlement agreement (Dkt. No. 18). Because the FLSA requires Court approval for settlements, the Parties now move for this Court to approve the proposed settlement. (Dkt. No. 18.)

## II.    Legal Standard

Parties are typically permitted to reach private settlements, but settlement agreements under the FLSA differ because they are not exclusively private transactions and federal courts are

charged with the responsibility of scrutinizing FLSA settlements for fairness. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir.1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transacting about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay."); *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982). The FLSA's provisions are generally not subject to waiver, but a district court may approve a settlement if the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

## III.  Discussion

To determine whether to approve the proposed settlement, the Court must determine (i) whether the award reflects a reasonable compromise over the issues in dispute, and (ii) whether the proposed award of attorneys' fees and costs is reasonable. *See, e.g., Irvine v. Destination Wild Dunes Mgmt., Inc.*, 204 F. Supp. 3d 846, 849 (D.S.C. 2016); *Saman v. LBDP, Inc.*, Civ. No. 12-1083, 2013 WL 2949047 (D. Md. 2013). Although the Fourth Circuit has not directly addressed what factors courts should consider when analyzing proposed FLSA settlements, courts tend to follow the Eleventh Circuit's analysis in *Lynn's Food Stores*, which asks whether there is a bona fide dispute and whether the proposed settlement is fair and reasonable. *See, e.g., Corominas v. ACI Holdings, LLC*, No. 2:15-CV-4372-PMD, 2016 WL 10520235, at *2 (D.S.C. 2016); *Saman*, 2013 WL 2949047 at *2. Plaintiffs allege Defendants failed to pay them certain wages in violation of the FLSA, and Defendants deny those allegations. A bona fide dispute exists.

However, upon review of the motion, the Court finds various deficiencies with the proposed settlement agreement. First, the Parties do not provide the Court with sufficient

information to determine whether the proposed FLSA settlement is fair and reasonable. Generally, a court reviews a multi-factor test to determine if a settlement is fair and reasonable.[1] However, here, the Parties have failed to provide any formula or reasoning to support the sums of twenty three-thousand dollars and twenty thousand dollars as the settlement for the two Plaintiffs in this case. (Dkt. No. 18-1 at 2, 9.) The Parties fail to disclose how many hours of underpaid work each Plaintiff claims and the Plaintiffs' potential recovery if they were successful at trial. The Court therefore cannot assess the amount of the settlement in relation to the potential recovery. The Parties also fail to disclose other information that would be important to assessing the settlement's fairness, such as a more detailed explanation of counsel's experience in FLSA claims. Therefore, the Court cannot assess whether the FLSA settlements are fair and reasonable.

Furthermore, it is unclear to the Court whether the attorneys' fees in the settlement are pursuant to a contingency-fee arrangement where the attorneys' fees are deducted from the overall value of the settlement. The settlement value here is twenty-three thousand dollars for Plaintiff Gomez and twenty-thousand dollars for Plaintiff Arteaga. (*Id.*) For both of them, the amount of attorneys' fees specified in the settlement equals precisely one-third of the agreement: $7,666,66 for Plaintiff Gomez and $6,666.66 for Plaintiff Arteaga. (*Id.*) To the extent these fees are deducted from the value of the Plaintiffs' damages recovery, the fee arrangement is impermissible under the FLSA. *See, e.g. Hendrix v. Mobilelink Virginia, LLC*, No. 2:16CV394, 2017 WL 2438067, at *2

---

[1] One common construction of the set of factors is: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08CV1310(AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)

(E.D. Va. May 26, 2017) ("allowing a contingent fee that distributes a percentage of the damages award to the attorney, effectively allowing the employee to waive both the statutorily-mandated attorneys' fees and the portion of her wages and liquidated damages allocated to attorneys' fees, would be an impermissible infringement on the statutory award to the employee."). *See also Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). The requested attorneys' fees suffer from additional deficiencies as well that prevent the Court from assessing the reasonableness of the fees. The Parties do not provide the Court with the amount of time expended by counsel, research involved in preparing for the arbitration, time spent in negotiations, counsel's regular hourly rates or fees, or other information that a court typically requires to assess attorneys' fees. A joint declaration and relevant exhibits submitted for the Court's review would likely aid in its analysis. Therefore, without further information, the attorneys' fees as presented are not fair or reasonable.

At this time, the Court denies the Parties' motion to approve the FLSA settlements without prejudice. In light of this Court's order, the Parties should confer in order to consider whether a new agreement is necessary to offer complete resolution of the case in line with this Court's order and, when appropriate, file a new motion to approve settlement with the necessary supporting information.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the Parties' joint motion to approve settlement. (Dkt. No. 18.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

January 15, 2019
Charleston, South Carolina

-4-